DP1_Answer_to_Complaint.docF

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x
:                                  **ECF CASE**
**PEARSON EDUCATION, INC.  AND**   :
**THE McGRAW-HILL COMPANIES, INC.,**   :   **08 CV 6161  (LAK)**
:
           Plaintiffs,     :     (Jury Demand)
:
       -against-           :
:
**MAHI ENTERPRISES LLC,**   :
**DIPESH PATEL, GITA PATEL,**   :
**SHAILESH PATEL, DILIP PATEL,**   :
**AND ARPIT SHAH ALL D/B/A**   :
**EDUTEXTBOOKS.COM D/B/A**   :
**BOOKS4LEASE.COM D/B/A DIPESP**   :
**AND JOHN DOES NOS. 1-5,**   :
:
           Defendants.     :
:
--------------------------------------------------------------x

### ANSWER OF DEFENDANTS MAHI ENTERPRISES LLC, DIPESH PATEL, GITA PATEL AND SHAILESH PATEL TO THE COMPLAINT

Defendants Mahi Enterprises LLC (a "Defendant" or "Mahi"), Dipesh Patel (a "Defendant" or "Dipesh Patel") , Gita Patel (a "Defendant" or "Gita Patel") and Shailesh Patel (a "Defendant" or "Shailesh Patel") hereby answer the Plaintiffs' Complaint dated June 7, 2008 and filed July 7, 2008, as follows:

1.      ADMIT the allegation in ¶ 1 of the Complaint that Plaintiffs have allegedly brought their action to enforce their copyrights and trademarks, but DENY that any of the Defendants' activities have been unlawful.

1

2. ADMIT each of the allegations in ¶ 2 of the Complaint, but DENY that any of Defendants' activities have been unlawful and further DENY that there is any personal jurisdiction over any of the Defendants.

3. DENY each of the allegations in ¶ 3 of the Complaint.

4. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 4 of the Complaint.

5. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 5 of the Complaint.

6. ADMIT each of the allegations in ¶ 6 of the Complaint.

7. ADMIT each of the allegations in ¶ 7 of the Complaint.

8. ADMIT each of the allegations in ¶ 8 of the Complaint.

9. ADMIT each of the allegations in ¶ 9 of the Complaint.

10. ADMIT each of the allegations in ¶ 10 of the Complaint.

11. ADMIT each of the allegations in ¶ 11 of the Complaint.

12. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 12 of the Complaint.

13. ADMIT each of the allegations in ¶ 13 of the Complaint.

14. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 14 of the Complaint.

15. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 15 of the Complaint.

16. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 16 of the Complaint.

17. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 17 of the Complaint. Defendants do not know what features the Plaintiffs have provided for their United States Editions of the books at issue in this lawsuit.

18. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 18 of the Complaint. Defendants do not know whether the features provided by the Plaintiffs for any of their Foreign Editions are materially different from the features provided by the Plaintiffs for their respective United States Editions of the books at issue in this lawsuit.

19. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 19 of the Complaint.

20. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 20 of the Complaint.

21. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 21 of the Complaint.

22. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 22 of the Complaint.

23. ADMIT each of the allegations in ¶ 23 of the Complaint as to the Defendants, except DENY that any permission from the Plaintiffs was required; and DENY having knowledge or information sufficient to form a belief as to defendants other than the Defendants.

24. Defendants repeat the averments contained in paragraphs 1 through 23 as if set forth in full.

25. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 25 of the Complaint.

26. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 26 of the Complaint.

27. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 27 of the Complaint.

28. DENY each of the allegations in ¶ 28 of the Complaint.

29. DENY each of the allegations in ¶ 29 of the Complaint.

30. DENY each of the allegations in ¶ 30 of the Complaint.

31. DENY each of the allegations in ¶ 31 of the Complaint.

32. Defendants repeat the averments contained in paragraphs 1 through 31 as if set forth in full.

33. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 33 of the Complaint.

34. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 34 of the Complaint.

35. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 35 of the Complaint.

36. DENY each of the allegations in ¶ 36 of the Complaint.

37. DENY each of the allegations in ¶ 37 of the Complaint.

38. DENY each of the allegations in ¶ 38 of the Complaint.

39. DENY each of the allegations in ¶ 39 of the Complaint.

40. Defendants repeat the averments contained in paragraphs 1 through 39 as if set forth in full.

41. DENY each of the allegations in ¶ 41 of the Complaint.

## AFFIRMATIVE DEFENSES

### As and for a 1st Affirmative Defense

42. Failure to state a claim.

### As and for a 2nd Affirmative Defense

43. The Foreign Editions were purchased outside of the United States, cleared by customs in the United States when imported into the United States, and were legally imported into the United States.

### As and for a 3rd Affirmative Defense

44. Buyers were made aware, prior to their purchases, that the books being offered were low-cost foreign editions, manufactured with lower quality.

### As and for a 4th Affirmative Defense

45. Buyers of Foreign Editions purchased them because they were less expensive and were willing and expecting to obtain lower quality because of their desire to pay a substantially lower price. See a *2003 New York Times* article about students' awareness of inexpensive foreign editions at

http://query.nytimes.com/gst/fullpage.html?res=9C0DE3DC1E3EF932A15753C1A9659C8B63

**As and for a 5th Affirmative Defense**

46.     Buyers of Foreign Editions did not have to be informed as to each difference between United States editions and Foreign Editions.  The marketplace in which Defendants operated knew that international or foreign editions had the same text and were substantially lower in price, and did not care about any differences in quality.

**As and for a 6th Affirmative Defense**

47.     Some alleged differences between United States and Foreign Editions were not significantly different to make a difference, and to such extent the buyers of Foreign Editions did not have to be informed as to any such differences.

**As and for a 7th Affirmative Defense**

48.     Defendants were not willful infringers because they acted upon information they heard about a U.S. Supreme Court decision which held that it was legal to buy foreign editions from authorized sellers for importation into the United States.  See Google Answer to related question at http://answers.google.com/answers/threadview?id=295219.  Also, the following information is quoted from a link provided in the Google answer:

```
Within this definition, therefore, if a party legally obtains
lawfully made copies, whether inside or outside of the US, that
party has the right to "sell or otherwise dispose" of the copies
without needing the authorization of the copyright holder. So it is
possible under the combined interpretation of all of these sections
of the copyright act to say that anyone who lawfully obtains copies
of copyrighted work that are lawfully made outside of the US, can
import them into the US without the US Customs Service being able to
block it, and can sell those copies as they see fit. The only
recourse available to the copyright holder is to start a civil suit
that attempts to claim a violation of their basic right to control
public distribution under 106(3), the argument being that selling
more than a few copies constitutes an intent to publicly distribute
rather than simply selling or otherwise disposing of the possession
of a lawful copy. The counter-argument is that, because the copies
```

6

```
were lawfully obtained (either directly from, or from a party
authorized by, the copyright holder), the copyright holder's right
under 106(3) has already been exercised, and the subsequent import
and resale of the copies only falls under Section 109.

What this rather complicated piece means is that a party outside the
US, who is authorized by the copyright holder to distribute copies
of a copyrighted work in another part of the world, does NOT have
the right to make copies and ship them directly to the US for direct
distribution to a customer or customers. That would be a clear
violation of the license granted to them by the copyright holder,
and therefore the copyright holder can take action under subsection
106(3). However, if a third party were to buy the copies outside of
the US, take possession of them, then import them into the US for
subsequent sale, that is allowed under Section 109.


This 'right' under Section 109 was tested all the way to the Supreme
Court in the 1990's. In 1998, the Supreme Court overturned a 1996
decision by the Ninth Circuit, Federal Court of Appeals, that had
ruled that the Section 109 right of the owner of a copy of a
copyrighted work to sell or otherwise dispose of said copy, did not
extend to lawfully made and lawfully obtained copies that are
imported into the US for resale. This is referred to as parallel
imports, or the "grey market", where works manufactured under the
authorization of the copyright holder are subsequently imported
without the express consent of the copyright holder for sale in the
US. In their 1998 decision, the Supreme Court ruled that a direct
interpretation of the copyright act does indeed provide the owner of
a lawfully obtained copy of a copyrighted work, the right to sell or
otherwise dispose of it as they desire, without violating the rights
of the copyright holder.
```

Also, *The New York Times* published a relevant article at

http://query.nytimes.com/gst/fullpage.html?res=9C0DE3DC1E3EF932A15753C1A9659C8B63

### **As and for a 8th Affirmative Defense**

49.     Defendants only purchased Foreign Editions from book sellers outside of the

United States authorized by the Plaintiffs to manufacture the Foreign Editions.

7

**As and for a 9th Affirmative Defense**

50. A single Plaintiff is not permitted to recover one set of statutory damages from the Defendants through the naming of multiple individuals working for a single business, if there is any liability at all for statutory damages. If there is any liability for statutory damages, the Defendants having liability would have joint and several liability for a single set of statutory damages as to such Plaintiff.

**As and for a 10th Affirmative Defense**

51. Laches.

**As and for an 11th Affirmative Defense**

52. The profits from the alleged sales are small (under $2,000) and a Defendant is limited by Constitutional law (due process, cruel and unusual punishment or fines) as to his, her or its liability for statutory damages under the Copyright Act and Trademark Act to an amount having a reasonable relationship to the Defendant's profits, not to exceed 9 times the amount of actual damages.

**As and for a 12th Affirmative Defense**

53. The business stopped selling the Foreign Editions as soon as Defendants received notice of Plaintiffs' claims that the sales of the Foreign Editions was allegedly in violation of the copyright and trademark laws.

**As and for a 13th Affirmative Defense and Offset**

54. Unlawful interference with the business of one or more of the Defendants and with the advantageous relationships enjoyed with the business by the other Defendants.

**As and for a 14th Affirmative Defense**

55.     Unconstitutionality of statutory damages of $1,000,000 for each infringed trademark and product sold under the trademark, as provided by 15 U.S.C. § 1117(c)(2), to the extent statutory damages exceed nine times the amount of Defendants' profits derived from illegal use of Plaintiffs' marks at issue. The maximum liability of the Defendants is not more than 9 times the amount of actual profits.

**As and for a 15th Affirmative Defense**

56.     Unconstitutionality of statutory damages of $150,000 for each infringed copyright, as provided in the Copyright Act, to the extent statutory damages exceed nine times the amount of Defendants' profits derived from illegal use of Plaintiffs' copyrights at issue. The maximum liability of the Defendants is not more than 9 times the amount of actual profits, according to the United States Supreme Court in its recent decision as to punitive damages.

**As and for a 16th Affirmative Defense**

57.     Unconstitutionality of statutory attorneys' fees under the trademark and copyright acts to the extent they exceed nine times the amount of Defendants' actual profits derived from illegal use of Plaintiffs' trademarks and copyrights at issue. The maximum liability of the Defendants for statutory attorneys' fees is 9 times the amount of their actual profits, according to the United States Supreme Court in its recent decision as to punitive damages.

### As and for a 17th Affirmative Defense

58. Unconstitutionality of statutory attorneys' fees to the extent they are unreasonable in relation to the dollar amount of the Defendant's liability for actual damages. The Plaintiffs have no right under law to run up legal fees of $500,000, for example, to collect actual damages of $100, or related statutory damages based on the $100 in actual damages. Attorneys' fees must be reasonable in relation to the amount owed.

### As and for an 18th Affirmative Defense

69. Improper venue.

### As and for a 19th Affirmative Defense

70. Unclean hands due to commencement or maintenance of this lawsuit with the expectation and purpose of spending more than 10 times in legal fees than the amount of liability involved for actual or related statutory damages.

### NOTIFICATION OF POTENTIAL COUNTERCLAIMS

71. Defendants hereby give notice that they may have a counterclaim against the Plaintiffs for unlawful interference with the business or their relationships with the business, and reserve the right to file such claims as counterclaims in this action.

### PRAYER

**WHEREFORE**, the Defendants respectfully request that the Complaint be dismissed with costs and disbursements and any appropriate attorneys' fees, and with such other and further relief as this Court may deem just and proper.

## Jury Demand

Defendants hereby demand a trial by jury of all issues properly triable to a jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

**Dated:**   **New York, New York**
             **July 28, 2008**

_____

**Carl E. Person   (CP  7637)**
**Attorney for Defendants,**
   **Mahi Enterprises LLC, Dipesh Patel,**
   **Gita Patel and Shailesh Patel**
**325 W. 45th Street - Suite 201**
**New York, New York 10036-3803**
**Tel:  212-307-4444; Fax: 212-307-0247**
**Email: carlpers@ix.netcom.com**

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                           :     ECF CASE
PEARSON EDUCATION, INC.  AND               :
THE McGRAW-HILL COMPANIES, INC.,           :     08 CV 6161  (LAK)
                                           :
                       Plaintiffs,         :
                                           :
        -against-                          :
                                           :
MAHI ENTERPRISES LLC,                      :
DIPESH PATEL, GITA PATEL,                  :
SHAILESH PATEL, DILIP PATEL,               :
AND ARPIT SHAH ALL D/B/A                   :
EDUTEXTBOOKS.COM D/B/A                     :
BOOKS4LEASE.COM D/B/A DIPESP               :
AND JOHN DOES NOS. 1-5,                    :
                                           :
                       Defendants.         :
-----------------------------------------------------------------x
```

I, **Carl E. Person**, an attorney duly authorized to practice in the State of New York, do hereby affirm that the following is true under the penalty of perjury pursuant to CPLR 2106:

I am not a party to this action, am over 18 years of age, and on July 28, 2008, I caused to be served a true copy of the following document (the "Document"):

<u>**ANSWER OF DEFENDANTS MAHI ENTERPRISES LLC, DIPESH PATEL,
GITA PATEL AND SHAILESH PATEL TO THE COMPLAINT**</u>

dated July 28, 2008 on the attorneys for the Plaintiffs, by mailing a copy of the Document (securely wrapped with sufficient postage for first class delivery, in a USPS mailbox) addressed to the Plaintiffs' attorneys at the following address:

> **William Dunnegan, Esq.
> Megan L. Martin, Esq.
> Dunnegan LLC
> 350 Fifth Avenue
> New York NY 10118**

and by the Court's ECF system by which the Plaintiffs' attorneys automatically receive a copy of the Document within a few seconds or minutes after the time of its electronic filing herein.

**Dated: July 28, 2008**

_____
**Carl E. Person (CP 7637)**